UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GRLPWR, LLC,

      Plaintiff,

v.                                                     Case No. 3:23-cv-16480-TKW-HTC

MELANIE RODRIGUEZ,

      Defendant.

**DEFENDANT MELANIE RODRIGUEZ'S OPPOSED MOTION
TO STAY DISCOVERY AND RULE 26(F) CONFERENCE
<u>PENDING RULING ON MOTION TO DISMISS</u>**

Pursuant to Rule 26, Defendant Melanie Rodriguez requests that the

Court stay discovery and the Rule 26(f) conference requirements set forth

in the Initial Scheduling Order (Doc. 8) pending a ruling on her motion to

dismiss (Doc. 7). As grounds, Ms. Rodriguez states:

**I.**     **BACKGROUND**

GRLPWR, LLC, d/b/a Nuvita brings this lawsuit for defamation *per se*

and tortious interference against Ms. Rodriguez, who operates a YouTube

channel, on which she posts videos commenting on matters of public

concern, like multi-level marketing companies' unscrupulous business

practices. (Doc. 1). As discussed in Ms. Rodriguez's motion to dismiss,

each of these claims fails because: (1) Plaintiff failed to provide presuit notice; (2) Plaintiff has not alleged a viable defamation *per se* claim; (3) the subject statements are opinion, rhetorical hyperbole, or not defamatory as a matter of law; (4) opinion and fair comment privileges apply and Plaintiff concedes actual malice should apply to it, which it cannot show, (5) Plaintiff has failed to plead with reasonable particularity any third party to whom the statements were made; and (6) Plaintiff's tortious interference claims are barred under the single action rule. (Doc. 7).

Because the case is in its preliminary stages, Ms. Rodriguez asserts that a stay of discovery and the Rule 26(f) conference is appropriate given the dispositive nature of Ms. Rodriguez's pending motion to dismiss.

## II.   MEMORANDUM OF LAW

### A. Legal standard.

Federal district courts have "'broad discretion to stay proceedings as an incident to its power.'" *Gibbons v. Nationstar Mtg.*, 3:14-cv-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A district court "may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering, among other factors, the needs of the case, the

parties' resources, and the importance of the discovery in resolving the issues at stake in the action." *Id.*

The Eleventh Circuit has stated that dispositive motions filed prior to the commencement of discovery weigh heavily in favor of issuing a stay. *See Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (stating that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]").[1] When such a motion is pending, a brief, temporary stay of discovery spares the parties from engaging in discovery that is unnecessary to the threshold question posed in the motion. The Eleventh Circuit explained:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

---

[1] Some decisional authority suggests that *Chudasama* and progeny "stand for the narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount," not that discovery should be stayed any time there is a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig*., No. 3:04-CV-194-VHC-MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). However, as explained here, the Court should find that the equities weigh in favor of a stay based on the realities of the asserted claims in this case.

*Chudasama*, 123 F.3d at 1367 (footnote and citation omitted). Resolving motions to dismiss prior to commencing discovery saves the litigants and the court time and resources: "If a district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. Therefore, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage . . . ." *Id.*

In deciding whether a stay of discovery is appropriate, the Court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and completely eliminate the need for such discovery." *Gibbons*, 2015 WL 12840959 at *1 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1996)). Thus, while the Court "need not decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Heghmann v. Hafiani*, No. 3:20-cv-670-BJD-JBT, 2021 WL 8775756, *1 (M.D. Fla. Feb. 22, 2021) (quoting *Feldman*, 176 F.R.D. at 652–53) (internal quotations omitted).

**B. Ms. Rodriguez's motion is case dispositive.**

A stay is warranted here because a "preliminary peek" at Ms. Rodriguez's motion demonstrates that her arguments are case dispositive. As thoroughly discussed in Ms. Rodriguez's motion, Plaintiff fails to state a claim for defamation *per se* based on the three statements identified in paragraphs 24–26 of the Complaint. Similarly, Plaintiff cannot state either claim for tortious interference in Counts II and III because they are barred under the single action rule. And even if those tortious interference claims did not arise from the same body of facts, they are claims based on <u>statements</u>, Compl. ¶¶ 64, 74, which must sound in defamation. *Seminole Tribe v. Times Publishing*, 780 So. 2d 310, 318 (Fla. 4th DCA 2001).

Because the claims are not plausible on their face, Ms. Rodriguez argues that the equities weigh in favor of a brief stay of the Rule 26(f) conference and discovery pending the Court's determination on her pending motion to dismiss. *DeBoskey v. SunTrust Mortgage, Inc*., 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (recognizing "the harm, if any, to Plaintiff in temporarily staying discovery would be minimal compared with Defendants' burden of providing discovery concerning causes of action that may be dismissed"). Simply put, "it is in everyone's best interest to eliminate potentially non-meritorious claims before discovery begins." *See*

*Toliver v. Bank of America, N.A*., No. 3:12-cv-1006-J-TEM, 2013 WL 12161877, at *1 (M.D. Fla. Aug. 19, 2013). Allowing the Court time to rule on the pending motion to dismiss before requiring Ms. Rodriguez to participate in discovery will ensure that time and resources of the parties and the Court are not wasted.

## III.    CONCLUSION

For these reasons, Ms. Rodriguez asks that the Court briefly stay the Rule 26(f) conference and discovery pending its ruling on her motion to dismiss Plaintiff's Complaint.

Dated: July 11, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Defendant*

**Local Rule 7.1(B) Certification**

Pursuant to Local Rule 7.1(B), I hereby certify that on July 11, 2023 I conferred with Plaintiff's counsel by telephone on the relief requested in this motion. Plaintiff opposes the requested relief.

By: */s/ James M. Slater*
           James M. Slater

**Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
           James M. Slater