UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC,**

    **Plaintiff**,

v.                                                                                  Case No. 3:23cv16480-TKW-HTC

**MELANIE MAE RODRIGUEZ**,

    **Defendant**.

_____/

## ORDER AUTHORIZING LIMITED REPLY

This case is before the Court based on Defendant's motion for leave to file a reply (Doc. 15). The motion represents that Plaintiff does not have a position on the motion "at this time," but the Court sees no reason to hold the motion for a response because that will only further delay disposition of the motion to dismiss and the related motion to stay.[1]

A party may not file a reply in support of a motion (except a motion for summary judgment) as a matter of course, but the Court may grant leave to file a reply in "extraordinary circumstances." N.D. Fla. Loc. R. 7.1(I). That standard is difficult to meet (as it should be) and it requires more than a party simply wanting

---

[1] The Court hopes to be able to rule on the motion to stay by the end of next week after completing its "preliminary peek" at the parties' filings on the motion to dismiss before turning to other important matters on the calendar.

to get the last word on its motion or to point out something that the Court is capable of discerning on its own without further briefing. *Cf. First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (noting that "the filing of a surreply … should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief'" (quoting *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005))).

Here, Defendant seeks leave to file a reply addressing "[1] Plaintiff's contention that she 'ignore[d]' several allegations in Count I; [2] Plaintiff's arguments that the claims in the Complaint impute felony conduct or that the Court should consider Florida law for some matters but Michigan law for others without providing any choice-of-law analysis; [3] caselaw cited by Plaintiff, which when read carefully supports [Defendant's] arguments; and [4] Plaintiff's arguments in its response that are not consistent with the allegations in the Complaint." Doc. 15 at 1-2 (second alteration in original).

There is nothing extraordinary with respect to the first, third, and fourth issues that would warrant a reply. The Court is capable of discerning without a reply whether Defendant "ignored" allegations in the complaint and, if so, what significance that has to the argument in her motion to dismiss; whose position

caselaw supports; and whether Plaintiff's arguments are consistent with the allegations in the complaint.

However, with respect to the second issue, the Court agrees that a reply is warranted because even though Plaintiff alleged that Defendant accused Plaintiff of being "a criminal enterprise under Florida law <u>as well as federal law and the laws of other states</u>," Doc. 1 at ¶34 (emphasis added), it was not apparent from the complaint that Plaintiff was alleging that Defendant's statements imputed <u>felony</u> criminal conduct to Plaintiff under the law of Florida or any other jurisdiction. Thus, as a matter of fairness, Defendant will be given an opportunity to address that issue in a reply.[2]

Accordingly, it is **ORDERED** that Defendant's motion for leave to file a reply is **GRANTED** in part, and Defendant shall have until August 2, 2023, at 3:00 p.m. central time to file a limited reply addressing the second issue identified in her motion. The reply shall be limited to 2,000 words.

---

[2] That said, the Court does not understand what choice-of-law has to do with anything in this case (or the argument in Plaintiff's response) because the pertinent issue is not whether Michigan's or some other state's defamation law applies in this case instead of Florida defamation law; rather, the issue is whether accusing someone of an act that is a felony in a jurisdiction (federal or state) other than Florida is defamation per se under Florida law.

3

**DONE and ORDERED** this 27th day of July, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**