UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| GRLPWR, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>MELANIE RODRIGUEZ,<br><br>　　　Defendant. | Case No. 3:23-cv-16480-TKW-HTC |

### DEFENDANT MELANIE RODRIGUEZ'S LIMITED REPLY IN FURTHER SUPPORT OF HER MOTION TO DISMISS

Per the Court's Order Authorizing Limited Reply (Doc. 16), Defendant Melanie Rodriguez files this reply in further support of her motion to dismiss to address Plaintiff's arguments that the claims in the Complaint impute felony conduct under Florida law and the laws of other jurisdictions.

In her motion to dismiss, Ms. Rodriguez argued, among other things, that Plaintiff could not establish defamation per se for the statements identified in the three YouTube videos because the Complaint failed to show how those statements imputed criminal felony conduct to Plaintiff. (Doc. 7 at 13–14). Despite asserting in the Complaint that Florida law punishes operating a pyramid scheme as a misdemeanor and failing to reference any felony statute or law or provide any factual support for why

the subject statements implicated the conduct prohibited by those laws, in its response Plaintiff has traversed well outside the four corners of its pleading to assert that Ms. Rodriguez's statements imputed felony conduct because: (1) the Florida pyramid scheme statute can sometimes subject an accused to felony prosecution, (*see* Doc. 13 at 13); and (2) Florida law is not the only guiding authority because Ms. Rodriguez's YouTube videos "can be viewed nationally and the harm of those false statements can be felt nationally." (*Id.*). To support this theory, Plaintiff cites the law of its domicil, Michigan, to argue that a pyramid scheme under that law is punishable by a felony, as well as the laws of various other states and 18 U.S.C. § 1341. (*Id.* at 13–15).

As a threshold matter, the Court need not accept Plaintiff's deductions of fact and legal conclusions. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) ("unwarranted deductions of facts and legal conclusions masquerading as facts will not prevent dismissal") (citation omitted); *Aflalo v. Weiner*, No. 17-61923-CIV, 2018 WL 3235529, at *1 (S.D. Fla. July 2, 2018) ("In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief.") (citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009)). Although the Complaint references a claim that the statements

"allege[] that Nuvita is a criminal enterprise under Florida law as well as federal law and the laws of other states," Plaintiff has not demonstrated how those specific statements impute felony conduct under any specific felony laws. (Doc. 1 ¶ 34). As the Court noted in its order granting leave to file this limited reply, it "was not apparent from the complaint that Plaintiff was alleging that Defendant's statements imputed <u>felony</u> criminal conduct to Plaintiff under the law of Florida or any other jurisdiction." (Doc. 16 at 3) (emphasis in original). Really, the Complaint only accuses Ms. Rodriguez of making statements imputing conduct violating a misdemeanor. (Doc. 1 ¶ 28). Plaintiff's reliance on its oblique references to other laws is an invitation for the Court to rewrite the Complaint. Courts are required to make reasonable inferences in a plaintiff's favor, "but [] are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The Court should decline Plaintiff's invitation.

     Even if the Court found that Plaintiff's reliance on "laws of other states" was sufficient to establish that Plaintiff was alleging that the statements implicated a felony statute or law, the Complaint would still fail because even if the statements were defamatory, they do not suggest to the listener that Ms. Rodriguez was referring to the violation of any specific

3

felony law or statute. The decisions in *Aflalo v. Weiner* and *Klayman v. Jud. Watch, Inc.* are instructive here.

In *Aflalo*, the alleged per se defamatory statement read: "Yurim and Isaac took advantage of a old 94plus sick man elder abuse [sic]." 2018 WL 3235529, at *2. In his complaint, the plaintiff alleged that he was accused of committing an infamous crime of elder abuse under Florida law. *Id.* The court concluded that to survive a motion to dismiss, the plaintiff was required to prove that the statement above, "as read any understood by the 'common mind' suggest[ed] that the [p]laintiff committed felony elder abuse under Florida law." *Id.* at *3 (quoting *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1339 (S.D. Fla. 1998)). The "common mind" would need to read the "four corners" of the above statement "and understand it to mean that not only was [d]efendant accusing [p]laintiff of some form of physical or psychological injury or neglect of an elderly person, <u>but that he was specifically referring to these Florida laws</u>." *Aflalo*, 2018 WL 3235529, at *3 (emphasis supplied). Relying on *Klayman*, the *Aflalo* court concluded that nothing in the above statement established that the use of the phrase "elder abuse" amounted to an accusation of a felony.

4

In *Klayman*, the plaintiff brought a defamation action alleging that the defendant published a statement on a website that inaccurately accused him of having been convicted of failure to pay child support in Ohio. 22 F. Supp. 3d 1240, 1244–46 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015). Because the plaintiff resided in Florida—which categorizes such failure as a felony— he claimed that the statement constituted defamation per se. *Id.* The court, however, found that the statement did not impute a criminal offense amounting to a felony because failure to pay child support is a misdemeanor in Ohio. *Id.* at 1248. The court explained that "nothing included in the online publication suggests the offense of nonpayment of child support amounts to a felony, as the posting does not list any aggravating factors indicative of a felony or otherwise characterize the offense as a felony. Without more, the publication lacks sufficient detail for a reader to conclude the crime involved is a felony." *Id.* (citing *Scobie v. Taylor*, No. 13–60457–CIV, 2013 WL 3776270, at *4 (S.D.Fla. July 17, 2013) ("When context is considered and 'extrinsic facts and innuendo are needed to prove the defamatory nature of the words,' the statements are not defamatory per se," quoting *Carlson v. WPLG/TV–10, Post–Newsweek Stations of Fla.*, 956 F.Supp. 994, 1006 (S.D.Fla.1996)). The court also concluded that "because it is the purportedly defamatory statement that

must impute the criminal offense amounting to a felony, whether the underlying facts actually support a felony offense is not relevant." *Klayman*, 22 F. Supp. 3d at 1248.

      Here, the statements alleged in the Complaint—to the extent they are capable of defamatory meaning—do not "list any of the aggravating factors indicative of a felony or otherwise categorize the offense as a felony" to suggest to the "common mind" that using the phrase "pyramid scheme" or "pyramid schemy" constituted felony criminal conduct. Plaintiff's reliance in on *State v. Croy*, 813 So. 2d 993 (Fla. 1st DCA 2002), is unavailing for exactly that reason: it does not matter that a person *could* hypothetically be charged with a felony under Florida law for operating a pyramid scheme, because the Complaint does not allege any statements that fall within the "ambit of the felony lottery statute." *Id.* at 995. That some conduct might rise to a felony does not save the Complaint if Plaintiff cannot show that the "common mind" would conclude that the specific statements imputed felony conduct. The same is true for Plaintiff's string cite of statutes—the Complaint does not assert how the "common mind" would perceive the statements in paragraphs 24 through 26 to impute felony criminal conduct to Plaintiff. According to the Complaint, the statements do not assert any aggravating factors indicative of a felony or reference these states' specific

felony statutes. That is fatal to a theory of defamation per se premised on statements alleged to have imputed criminal conduct.

\*\*\*

For the above reasons, Defendant Melanie Rodriguez asserts in this limited reply that Plaintiff has failed to state a claim for defamation per se under a theory that Ms. Rodriguez has charged that Plaintiff has committed an infamous crime. Ms. Rodriguez asks that the Court grant her motion to dismiss Plaintiff's Complaint with prejudice and find that she is entitled to her reasonable attorney's fees and costs under Florida's anti-SLAPP statute.

Dated: July 31, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Defendant*

**Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,450 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater