UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC,**

    **Plaintiff**,

v.                                                     Case No. 3:23cv16480-TKW-HTC

**MELANIE MAE RODRIGUEZ,**

    **Defendant**.

_____/

## ORDER LIFTING TEMPORARY STAY AND DENYING MOTION TO STAY DISCOVERY AND RULE 26(f) CONFERENCE

This case is before the Court based on Defendant's motion to stay (Doc. 10) and Plaintiff's response in opposition (Doc. 14). No hearing is needed to rule on the motion.

Defendant seeks a stay of discovery and the parties' Rule 26(f) conference pending the Court's ruling on her motion to dismiss because the motion would dispose of the case if granted. Plaintiff responds that the motion to dismiss is not likely to be case-dispositive and that the case should be allowed to move forward while the motion to dismiss is under consideration. The Court agrees with Plaintiff.

The Court has the authority to stay discovery pending consideration of a potentially dispositive motion to dismiss, but such a stay is an extraordinary remedy that should not be granted as a matter of course. *See Feldman v. Flood*, 176 F.R.D.

651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When deciding whether to grant such a stay, the Court should take a "preliminary peek" at the motion to dismiss to determine whether "there appears to be an immediate and clear possibility" that the motion will be granted and then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Hetherington v. Lee*, 2021 WL 7084092, at *1 (N.D. Fla. June 24, 2021) (quoting *David v. United States*, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins.") (footnote omitted).

Here, the Court entered a temporary stay based on a "preliminary 'preliminary peek'" at the motion to dismiss. *See* Doc. 11. Now, after having taken a more in depth "preliminary peek" at the motion to dismiss (and the related filings), the Court finds that the motion is not likely to be case-dispositive. Specifically, although there appear to be some close questions on the sufficiency of the defamation claims, it is likely that at least the tortious interference claims will withstand the motion to dismiss because those claims are based on more than just the allegedly defamatory statements and at least some of those statements are not protected opinions or

rhetorical hyperbole.  Moreover, even on the defamation claims, it is not apparent at this point that any of the alleged deficiencies in those claims will result in the claims being entirely dismissed with prejudice.[1]

Accordingly, it **ORDERED** that:

1. The temporary stay (Doc. 11) is **LIFTED**.

2. Defendant's motion to stay discovery and Rule 26(f) conference (Doc. 10) is **DENIED**.

3. The parties shall have 14 days from the date of this Order to hold their Rule 26(f) conference and 14 days after the conference to file the conference report and proposed case management schedule.

---

[1] For example, even though Defendant makes a strong case that she is a "media defendant" entitled to presuit notice under §770.01, Fla. Stat., *see Comins v. Vanvoorhis*, 135 So. 3d 545 (Fla. 5th DCA 2014), there is persuasive authority holding that the failure to provide pre-suit notice can be cured through an amended complaint. *See, e.g., Bayliss v. Cox Radio, Inc.*, 2010 WL 4023459, at *4 (M.D. Fla. Oct. 13, 2010). The Court recognizes that other courts have found that the proper remedy is dismissal with leave to refile, *see, e.g., Tobinick v. Novella*, 2015 WL 1191267, at *9-10 (S.D. Fla. Mar. 16, 2015), but that remedy makes more sense if the only claims against a defendant are defamation claims, rather than when there are other non-defamation claims that are going to proceed against that defendant in any event. Additionally, at least one of the allegedly defamatory statements (*see* Doc. 1 at ¶26) appears to qualify as defamation per se because even though that statement was in the form of a question, the tone and context of the question clearly implied the answer—i.e., that Plaintiff is, in fact, a "pyramid scheme"—which is something that could subject Plaintiff to distrust and disgrace even without being an explicit accusation of committing a felony.

**DONE and ORDERED** this 4th day of August 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**