UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC**,

    **Plaintiff**,

v.                                          Case No. 3:23cv16480-TKW-HTC

**MELANIE MAE RODRIGUEZ**,

    **Defendant**.

_____/

## ORDER ON MOTION TO DISMISS AND FOR ATTORNEY'S FEES

This case is before the Court based on Defendant's motion to dismiss and for award of attorney's fees (Doc. 7). Upon due consideration of the motion, Plaintiff's response in opposition (Doc. 13), Defendant's reply (Doc. 17), and the complaint (Doc. 1), the Court finds for the reasons that follow that the motion to dismiss is due to be granted in part and the request for attorney's fees is due to be denied.

### Facts[1]

Plaintiff is a Michigan-based company that sells various CBD oil products for human and pet consumption. More than 90% of Plaintiff's sales come from products it sells directly to consumers, but Plaintiff also operates a program pursuant to which

---

[1] Additional facts are interspersed in the analysis section.

"representatives" sell and promote its products and, in turn, earn commissions on those sales.

Defendant is the owner-operator of a YouTube channel with more than 1,200 subscribers titled "You've Reached Melanie." Defendant provides "ANTI-MLM[2] COMMENTARY" on her YouTube channel, and she describes herself as someone who "love[s] talking about all things MLM as well as their connections to religion for a double whammy in manipulation & bad tactics."

Defendant has recently taken aim at Plaintiff and its owner in at least eight videos on her YouTube channel. She has referred to Plaintiff as an MLM company, a commercial cult, and a scam. She has also accused Plaintiff of "homophobia" and "transphobia," lying to its representatives and customers, preying on its representatives, and engaging in "evil" conduct.

Defendant has accused Plaintiff of being a "pyramid scheme" in three specific videos:

- First, in "SHALLOW DIVE: NUVITA #exhunreacts #antimlm," Defendant stated that "because the products are the loophole for these, in my opinion, pyramid schemes, being considered legal, you're probably not going to make any money and that's why we didn't see it on in the beginning of this."

---

[2] Multi-level marketing.

- Second, in "EXPOSING THE TRUTH ABOUT NUVITA #nuvita #exhunreacts #antimlm," Defendant stated, "Here's something interesting from the comp plan: monthly welcome kit bonus. That, in my opinion based on what I know, is a little bit pyramid schemy, it's a little scammy, because why are you getting a bonus just for recruiting people?"

- Third, in "IT GOT WORSE #nuvita #exhunreacts #antimlm," she asked, "Doesn't that fall in line with what a pyramid scheme is? Hello? Hello? It's in front of your face."

According to Plaintiff, Defendant's accusations that it is a pyramid scheme are false and defamatory because the vast majority of its sales are made directly to consumers and the benefits it offers to representatives are contingent on the sale of other products.

Plaintiff alleges that it has lost actual and potential representatives and customers as a result of the Defendant's false accusations and other derogatory comments on her YouTube channel.

**Procedural History**

In June 2023, Plaintiff filed suit against Defendant in this Court. The complaint asserts three counts: defamation per se (Count I), tortious interference with contractual relationships (Count II), and tortious interference with business relationships (Count III).

Defendant responded to the complaint with a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and for award of attorney's fees under §768.295, Fla. Stat. The motion is fully briefed and is ripe for a ruling. No hearing is needed to rule on the motion.

### Analysis

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, the Court "must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Karantsalis v. City of Mia. Springs, Fla.*, 17 F.4th 1316, 1319 (11th Cir. 2021) (quoting *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003)).

### Defamation (Count I)

Defendant argues that the defamation claim should be dismissed because (1) Plaintiff failed to provide the requisite pre-suit notice under Florida law; (2) the

statements giving rise to the claim are not defamatory per se; (3) the statements are not actionable because they are protected opinion or rhetorical hyperbole; (4) Plaintiff did not adequately plead actual malice; and (5) Plaintiff did not adequately plead publication.  Each argument will be addressed in turn.

*Pre-Suit Notice*

Under Florida law, a plaintiff must provide the defendant written notice at least 5 days before bringing any civil action for defamation based on a publication or broadcast "in a newspaper, periodical, or other medium."  §770.01, Fla. Stat. (emphasis added).  The notice must "specify[] the article or broadcast and the statements therein which [the plaintiff] alleges to be false and defamatory."  *Id.*

A publication "come[s] within the purview of the prescribed 'other medium' entitled to pre-suit notice" if it "is operated to further the free dissemination of information or disinterested and neutral commentary or editorializing as to matters of public interest."  *Comins v. Vanvoorhis*, 135 So.3d 545, 557 (Fla. 5th DCA 2014) (emphasis in original).

A "blog" operated by an individual can qualify as an "other medium" when it serves as "an alternative medium of news and public comment" by providing information on recent developments and informed explanations on the meaning of those developments.  *Id.* at 559.  That being the case, the Court sees no reason why a YouTube channel that disseminates information, provides commentary and

editorializes on matters of public interest could not also qualify as an "other medium."

Here, the Court finds that Defendant's YouTube channel qualifies as an "other medium" because it is operated to disseminate information, provide commentary, and editorialize on a matter of public interest—MLMs. The fact that Defendant has an "anti-MLM" agenda does not undermine that conclusion because there is no indication that she is editorializing on behalf of a client. *See Tobinick v. Novella*, 2015 WL 1191267, at *9 (S.D. Fla. Mar. 16, 2015) (noting that the fact the defendant "has a particular agenda … does not rob it of the protections afforded it by the pre-suit notice statute" because a defendant "may qualify as a member of the media for purposes of Florida's pre-suit notice provision if it 'editorialize[s] as to matters of public interest without being commissioned to do so by its clients'") (second alteration in original) (quoting *Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998)).  Thus, Defendant was entitled to pre-suit notice under §770.01.

None of the cases relied on by Plaintiff compel a different conclusion.³  The only remotely similar case is *Sirer v. Aksoy*, 2021 WL 4952610 (S.D. Fla. Oct. 25,

---

³ For example, although there was some broad language in *Mazur v. Baraya*, 275 So. 3d 812 (Fla. 4th DCA 2019), that arguably supports Plaintiff's position, the narrow issue decided in that case was whether the phrase "other medium" encompassed books and movies such that their publishers were entitled to pre-suit notice under §770.01 when sued for defamation.  The court held that pre-suit notice was not required because, unlike typical news media, publishers of books and movies "do not speedily disseminate fact reporting or editorial comment," "are not susceptible

6

2021), in which the court held that the defendant accused of posting a YouTube video containing defamatory statements was not entitled to pre-suit notice under §770.01.  That case, however, is distinguishable because the defendant used his YouTube channel to "promote[] various crypto-assets and provide[] crypto-asset trade advice to his followers" and there was "no basis to conclude that Defendant's use of social media is 'to further the free dissemination of information or disinterested and neutral commentary or editorializing as to matters of public interest.'"  *Id.* at *5.  Here, by contrast, the sole apparent purpose of Defendant's YouTube channel is to editorialize on a matter of public interest by providing commentary about the MLM industry.

Having determined that Defendant was entitled to pre-suit notice under §770.01, the Court must determine what the proper remedy is for Plaintiff's undisputed failure to provide Defendant pre-suit notice before filing the complaint in this case.  Some courts have held that the failure to provide pre-suit notice requires dismissal of the <u>action</u> without prejudice to filing a new action after providing pre-suit notice, whereas other courts have held that the <u>complaint</u> should be dismissed without prejudice to filing an amended complaint after the defendant has been

---

to the same inevitable errors that arise when rapidly reporting on the news," and do not have mechanisms for quickly and effectively issuing retractions."  *Id.*  The same is not true of YouTubers like Defendant who are involved in the dissemination of timely information and commentary on matters of public concern.

provided the statutory notice. *See Tobinick*, 2015 WL 1191267, at *9 (collecting cases). Where, as here, the complaint includes other claims in addition to the defamation claims, it makes more sense to dismiss the complaint without prejudice to filing an amended complaint after the statutory pre-suit notice is provided. *See Bayliss v. Cox Radio, Inc.*, 2010 WL 4023459, at *4 (M.D. Fla. Oct. 13, 2010). Otherwise, the Court will end up with two separate actions that will need to be consolidated.

Accordingly, for the reasons stated above, the defamation claim in Count I of the complaint will be dismissed without prejudice and with leave to amend. Based on this disposition, the Court need not address the other issues raised in the motion to dismiss with respect to the defamation claim. However, in the interest of judicial economy, the Court will address those issues now because they would likely be reasserted in a motion to dismiss the amended complaint.

### *Defamation Per Se*

"[A] publication is libelous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Blake v. Giustibelli*, 182 So. 3d 881, 884 (Fla. 4th DCA

2016) (quoting *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953)) (alteration in original).

Here, Plaintiff argues that Defendant's statements are defamatory per se because (1) they accuse Plaintiff of engaging in felony conduct (operating a "pyramid scheme") under Florida, Michigan, and federal law, and (2) they subject Plaintiff to distrust.[4] The Court disagrees with the first point but agrees with the second point.

With respect to the first point, even if it is a felony (under Florida, Michigan, and/or federal law) to operate a pyramid scheme, Defendant's accusation that Plaintiff is operating such a scheme does not rise to the level of defamation per se because her statements "lack[] sufficient detail for a reader to conclude the crime involved is a felony." *Klayman*, 22 F. Supp. 3d at 1248. Defendant's accusation that Plaintiff is a "pyramid scheme" is not enough, in and of itself, to impute felony conduct to Plaintiff. *See Aflalo v. Weiner*, 2018 WL 3235529, at *2 (S.D. Fla. July 2, 2018) (holding that the defendant's accusation that the plaintiff took advantage of

---

[4] Plaintiff also argues that Defendant's statements are defamatory per se because they injured its business, but "a per se defamatory statement that tends to injure one in his trade or profession 'must impute conduct to plaintiffs [that is] incompatible with the essential functions of their respective jobs ... [and that goes] directly to a person's ability to perform duties essential to his or her employment, or [i]s sufficiently related to skills required of the profession.'" *Oxebridge Quality Resources Int'l, LLC v. Guberman PMC, LLC*, 2022 WL 2291680, at *6 (M.D. Fla. June 24, 2022) (quoting *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1249 (S.D. Fla. 2014)) (alterations in original). Here, Defendant's statements concern Plaintiff's business practices, not its competency to operate in its industry.

9

and abused a 94-year-old man was not defamatory per se because nothing in the statement "support[ed] the conclusion that use of the phrase 'elder abuse' amount[ed] to an accusation of a felony" and that when reading the statement "alone and without innuendo … it [did] not impute to [the plaintiff] the crime of elder abuse as defined under Chapter 825 of the Florida Statutes").

With respect to the second point, the complaint alleges that Defendant's accusations that Plaintiff is operating a pyramid scheme have subjected it to "ill repute" with the general public and Plaintiff's actual and potential customers, employees, and representatives. That allegation is sufficient to state a plausible claim for defamation per se because being held in "ill repute" is akin to being subjected to distrust, contempt, or disgrace.

*Nature of the Accusations: Defamatory, Opinion, or Hyperbole*

"[A] publication, to be actionable, must be false and consist of a statement of fact." *Keller v. Mia. Herald Pub. Co.*, 778 F.2d 711, 717 (11th Cir. 1985). "True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). "The Constitution also 'provides protection for rhetorical hyperbole that cannot reasonably be interpreted as stating actual facts about an individual.'" *Maletta v. Woodle*, 2021 WL 1894023, at *3 (M.D. Fla. May 11, 2021) (quoting *Horsley v.*

*Rivera*, 292 F.3d 695, 701 (11th Cir. 2002)). "Whether a statement is one of fact or of opinion is a question of law." *Dreggors v. Wausau Ins. Co.*, 995 So. 2d 547, 551 (Fla. 5th DCA 2008).

Here, in the "IT GOT WORSE" video, Defendant rhetorically asks "doesn't [Plaintiff's general business structure] fall in line with what a pyramid scheme is? Hello? Hello? It's right in front of your face." The "common mind" would construe that question as an accusation that Plaintiff is a pyramid scheme,[5] and because whether Plaintiff is a pyramid scheme can be proven true or false, that accusation is actionable. *See Toufanian v. Oreffice*, 2021 WL 4353115, at *5 (C.D. Cal. July 16, 2021) (accusation that plaintiff had "create[ed] a pyramid scheme" was "capable of being proven true or false by examination of the … overall business scheme") (first alteration in original)). By contrast, the accusations in the other two videos referenced in the complaint are "too imprecise [and] undefinable" to determine whether they are in fact true or false. *Colony v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 925 (M.D. Fla. 1996).

---

[5] The Court did not overlook Defendant's argument that the quote is not defamatory because it is a question. Although courts have held that some questions are not actionable because they "[do] no more than explain [the speaker's] thought process and express a statement of possibility," *Shuler v. Garrison*, 2017 WL 191267, at *19 (N.D. Ala. Jan. 13, 2017), that is not the case here because Plaintiff both in tone and in context demonstrates that she knows what the answer is and that there is only one obvious conclusion. *See Boulger v. Woods*, 917 F.3d 471, 480 (6th Cir. 2019) ("'A question's wording or tone or context sometimes may be read as *implying* the writer's answer to that question.' … For this reason, a blanket protection of defamation liability for any and all questions is inappropriate." (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1338 (D.C. Cir. 2015))).

For example, in the "SHALLOW DIVE: NUVITA" video, Defendant showed a screenshot of Plaintiff's website where Plaintiff explained how to become a "rep" and then commented that the description on the website had some features of a pyramid scheme but other features that made it not "a blatant pyramid scheme." It is not clear or ascertainable what a non-blatant pyramid scheme is, so that statement is not actionable. *See Coral Ridge Ministries Media, Inc.*, 406 F. Supp. 3d 1258, 1276 (M.D. Ala. 2019) ("An alleged defamatory statement is generally not provable as false when it labels the plaintiff with a term that has an imprecise and debatable meaning.").

Likewise, in the "EXPOSING THE TRUTH ABOUT NUVITA" video, Defendant calls Plaintiff's practices "a little bit pyramid schemy" and "a little scammy." Those accusations are not actionable because they are inherently vague and imprecise and cannot be proven true or false. *See Seaton v. TripAdvisor LLC*, 728 F.3d 592, 600 (6th Cir. 2013) ("The vaguer a term, or the more meanings it reasonably can convey, the less likely it is to be actionable." (quoting *Levinsky's, Inc. v. Wal-Mart Stores, Inc*., 127 F.3d 122, 129 (1st Cir. 1997))); *see also McCabe v. Rattiner*, 814 F.2d 839, 842 (1st Cir. 1987) (holding that "the word 'scam' does not have a precise meaning" because it has many different meanings to many different people and is therefore generally not actionable).

*Actual Malice*

"Plaintiffs in defamation cases can be characterized as either: 1) public officials or public figures, 2) limited purpose public figures, or 3) private individuals." *Little v. Breland*, 93 F.3d 755, 756 (11th Cir. 1996). The characterization determines whether a plaintiff must show that the defendant acted with "actual malice" (i.e., with knowledge that the statement was false or with reckless disregard of whether it was false or not) when publishing the alleged defamatory statement. *Id.* at 757.

"A limited purpose public figure is 'an individual [who] voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues.'" *Id.* (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351 (1974)) (alterations in original). A limited purpose public figure is only required to have acted with actual malice if "the alleged defamation was germane to the individual's role in the controversy." *Turner*, 879 F.3d at 1272.

Here, it is undisputed that Plaintiff is not a public official or figure and there is no indication that Plaintiff was involved in any public controversy,[6] much less a "particular public controversy." Thus, Plaintiff is a private individual that does not

---

[6] A matter is not a public controversy simply because it attracts public attention or is "newsworthy." *Silvester v. Am. Broadcasting Cos., Inc.*, 839 F.2d 1491, 1494 (11th Cir. 1988). Instead, a public controversy is a matter that is "being debated publicly and … ha[s] foreseeable and substantial ramifications for nonparticipants." *Id.* at 1495 (quoting *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980)).

13

need to allege (or ultimately prove) that Defendant made her statements with "actual malice."

The Court did not overlook Defendant's argument that Plaintiff effectively concedes that it is a limited purpose public figure by alleging that Defendant made the allegedly defamatory statements "without regard for their truth or falsity," Doc. 1 at ¶50, and "with malice, and with such lack of care as to constitute a conscious indifference to [Plaintiff's] rights or welfare," *id.* at ¶51. However, the Court fails to see how including these arguably superfluous allegations in the complaint amount to a "concession" by Plaintiff that it is a limited purpose public figure.

The Court also did not overlook Defendant's argument that Plaintiff is a limited purpose public figure because it operates in the highly regulated field of CBD sales. However, the case relied on by Defendant for that argument is inapposite because even though the court in that case stated that "a plaintiff's participation in a heavily regulated industry favors a determination that the plaintiff is a limited purpose public figure," *Green Grp. Holdings, LLC v. Schaeffer*, 2016 WL 6023841, at *15 (S.D. Ala. Oct. 13, 2016), it also recognized that a public controversy must exist, *id.* at *13. Moreover, even if Plaintiff was somehow a limited purpose public figure with respect to its involvement in the CBD industry, that would not appear to have any bearing on the standard of proof that would apply to Defendant's allegedly

defamatory statements because they have nothing to do with the type of the products that it sells but rather how it sells them.

*Publication*

Defendant argues that Plaintiff did not sufficiently plead publication because it did not identify the particular persons to whom the alleged defamatory statements were made.  In support of this argument, Defendant primarily relies on *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025 (Fla. 3d DCA 1981), which explained:

> The decision of *Burnham v. State*, 37 Fla. 327, 20 So. 548 (Fla. 1896) explains the need for the accusatory pleading to identify the particular person to whom the remarks were made with a reasonable degree of certainty. Since a separate defamation occurs with respect to each publication, a defendant should be afforded enough information to determine affirmative defenses including but not limited to res judicata.  In the present case, the defamatory remarks were allegedly made to "numerous third parties on numerous occasions." … Consequently, the complaint was deficient with respect to one of the underlying requirements of defamation; namely: a properly alleged publication.

*Id.* at 1027-28.

*Buckner* is not controlling here because the Eleventh Circuit has recognized that "a federal court need not adhere to a state's strict pleading requirements" and has held that Fed. R. Civ. P. 8 does not require a plaintiff to identify the specific persons to whom the statement was published.  *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986).  "So, when pleading a Florida defamation claim in federal

court, the plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.' Beyond that further factual pleading is not required by Rule 8, such as the identification of the person or category of persons who received the publication at issue.'" *Selinger v. Kimera Labs, Inc.*, 2022 WL 34444, at *10 (S.D. Fla. Jan. 3, 2022) (quoting *Five for Entertainment, S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012)).

The Court did not overlook the Middle District of Florida case cited by Defendant in which the court dismissed a defamation claim because it "fail[ed] to identify those persons to whom the [publication] was published with a reasonable degree of certainty." *Aflalo*, 2018 WL 3235529, at *4. However, that case is not persuasive because it relies on the pleading requirements articulated in *Buckner*, which the Eleventh Circuit explicitly rejected. *See Selinger*, 2022 WL 34444, at *10 ("Obviously, … *Aflalo* appear[s] to conflict with *Caster*.").

### Tortious Interference (Counts II and III)

Defendant argues that the tortious interference claims should be dismissed because they are barred by the single action rule. Plaintiff responds that the single action rule does not apply because the tortious interference claims are based on different statements from those implicated by the defamation claim. The Court agrees with Plaintiff.

16

"The single publication/single action rule … does not permit multiple actions when they arise from the same publication upon which a failed defamation claim is based … The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002) (citations omitted).

Here, the defamation claim is based only on the statements referenced in paragraphs 24-26 of the complaint, but the tortious interference claims are based on other statements made by Defendant. *See, e.g.,* Doc. 1 at ¶¶20-22, 60, 68. The single action rule does "not prevent recovery upon separate causes of action which are properly pled upon the existence of independent facts." *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992). Thus, the tortious interference claims are not due to be dismissed based on the single-action rule.

The Court did not overlook Defendant's alternative argument that the statements giving rise to the tortious interference claims are not actionable because they are protected by the First Amendment. The same privileges that apply to defamation claims apply to tortious interference claims, *see Callaway*, 831 So. at 208, and at least some of the statements referenced in the complaint appear, at least at first glance, to be non-actionable opinions, *see, e.g.,* Doc. 1 at ¶22 (alleging that

17

Defendant claimed that "[Plaintiff] is just a disaster, a mess"). However, other statements appear to be actionable because they are capable of being proven true or false. *See id.* at ¶20 (alleging that Defendant stated that Plaintiff "lies to its representatives and customers"). Thus, Plaintiff's tortious interference claims may proceed.

## Attorney's Fees

Defendant argues that she is entitled to an award of attorney's fees and costs under §768.295 because this suit is a meritless SLAPP[7] suit. The Court disagrees because, as discussed above, Plaintiff has stated at least some plausible claims for relief against Defendant. *See Markle v. Markle*, 2023 WL 2711341, at *14 (M.D. Fla. Mar. 30, 2023) ("Because Plaintiff may be able to state a claim for defamation after amending her complaint, the Court cannot determine that the lawsuit was filed 'without merit.'"); *Grippa v. Rubin*, 2021 WL 5033817, at *6 (N.D. Fla. Feb. 22, 2021) (declining to award attorney's fees and costs under §768.295 because some of the statements on which the complaint was based were defamatory).

## Conclusion

In sum, for the reasons stated above, it is **ORDERED** that:

---

[7] A SLAPP suit (i.e., "Strategic Lawsuit Against Public Participation") is a suit is "without merit and [is filed against a defendant] primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue." §768.295(3), Fla. Stat.

1. Defendant's motion to dismiss and for an award of attorney's fees (Doc. 7) is:

   a. **GRANTED in part** insofar as the defamation claim in Count I of the complaint is **DISMISSED without prejudice**; and

   b. **DENIED** in all other respects.

2. Plaintiff shall have 21 days from the date of this Order to file an amended complaint realleging the defamation claim after providing the required pre-suit notice.

3. Defendant shall have 14 days from the date the amended complaint is filed to answer or otherwise respond to it. If Plaintiff does not file an amended complaint, Defendant shall have 14 days from the date the amended complaint was due to answer the remaining counts in the complaint.

**DONE and ORDERED** this 25th day of August, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**