UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC,**
a Michigan limited liability company,

    Plaintiff,

                      Case No.: 3:23-cv-16480-TKW-HTC

v.

**MELANIE MAE RODRIGUEZ,**
an individual

    Defendant.

_____/

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Plaintiff, GRLPWR, LLC ("GRLPWR"), and Defendant, Melanie Mae Rodriguez, pursuant to the Court's Initial Scheduling Order (Doc. 8) and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this joint report of their attorney conference and request the Court enter a scheduling order as set forth herein:

    **1.**    **Conference**.  The Parties conducted a telephone conference on Thursday, August 17, 2023, and included the following participants:

        John R. Zoesch III, Counsel for Plaintiff;

        James Slater, Counsel for Defendant.

    **2.**    **Initial Disclosures**.  The Parties propose to exchange the information required by Rule 26(a)(1) on or before September 8, 2023.

3. **Discovery Plan**. The Parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed by each party on the following subjects:

        (i) All aspects of the Complaint filed by Plaintiff;

        (ii) All defenses to be set forth by Defendant;

        (iii) The subjects set forth in Sections 6.a. and 6.b. below.

    b. All discovery shall be commenced in time to be completed by March 15, 2024. The parties request this extension to the Court's proposed discovery deadline because of the nature of the issues involved in this case as well as counsel's respective schedules in the upcoming months.

    c. Interrogatories, requests for admission, and requests for production, as well as the supplementation of responses to discovery requests are governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. There is no need to conduct discovery in phases or limit discovery to particular issues.

    d. The maximum number and length of depositions are governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

    e. Disclosure of identity of and reports from any expert retained by Plaintiff under Rule 26(a)(2) shall be due on or before January 12, 2024. The

Parties agree that disclosure of identity of and reports from any expert retained by Defendant under Rule 26(a)(2) shall be due on or before February 9, 2024.

  f. Supplementation under Rule 26 shall be due as soon as reasonably feasible and as warranted pursuant to Rule 26(e).

  g. Disclosure or discovery of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure and as follows:

    (i) Absent a showing of good cause, disclosure and production shall be limited to data that is reasonably available to the parties in the ordinary course of business, and neither party shall be required to produce back-up or historic legacy data;

    (iii) All electronic documents and files will be produced in PDF format if possible. If it is not practicable to produce a document in PDF (*e.g.*, extensive spreadsheets, native files not amenable to PDF conversion, etc.), then the document may be produced in its native format; and

    (iv) The parties will take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

      h.    The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

      (i)    Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind.  However, the disclosure of any particular material shall cease to be "inadvertent" if the producing party does not request the return of privileged the time of the request for the return of such materials or protected material within three (3) days of being notified of such disclosure by the receiving party that it has received material believed to be privileged or protected;

      (ii)    The parties shall return any privileged material inadvertently disclosed immediately upon notice of the inadvertent disclosure; and

      (iii)    No copies will be made of any inadvertently disclosed materials and any copies of inadvertently disclosed materials made before a party's notification of an inadvertent disclosure will be destroyed.

**4.     Other Items.**

   a.     The Parties do not request a Rule 16 scheduling conference with the attorneys and any unrepresented parties present before the Court before entry of the Final Scheduling Order.

   b.     The Parties request a pretrial conference as soon as practicable after rulings on dispositive motions and mediation has occurred and to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure.

   c.     The Parties have conferred regarding potential resolution and early mediation possibilities. The parties are exploring potential avenues to resolve this matter and are willing to mediate this case.

   d.     The parties should be allowed until November 15, 2023, to join additional parties and amend the pleadings or unless any party files an objection or request for a different schedule.

   e.     This case should be ready for trial as soon as the court directs and the jury trial is expected to take approximately 5 days, including jury selection. The parties expect that this case will be ready for trial in June 2024, due to the reasons expressed for the proposed discovery deadline.

   f.     The Parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.

    h. The Parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added, provided that service is made to the email addresses of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

  **5.** **Nature of Claims and Defenses.**

  a. <u>Plaintiff's Position</u>: Plaintiff has brought claims for defamation, tortious interference with business relationships, and tortious interference with contracts. Plaintiff contends that Defendant's statements accusing Plaintiff of operating a "pyramid scheme" constitute defamation. Plaintiff further alleges that a number of Defendant's statements directed at Plaintiff's employees, representatives, and customers constitute tortious interference with Plaintiff's contracts and business relationships. In light of the Court's recent Order on Defendant's Motion to Dismiss, Plaintiff intends to amend its Complaint, which will modify and restate its claims against Defendant.

  b. <u>Defendants' Position</u>: Defendant denies any and all liability associated with Plaintiff's claims and denies Plaintiff is entitled to any relief whatsoever.

Respectfully submitted this the 31st day of August, 2023.

| | |
|---|---|
| */s/ John R. Zoesch III* <br> **JOHN R. ZOESCH III** <br> Fla. Bar No. 0045257 <br> jrz@beggslane.com <br> **MATTHEW P. MASSEY** <br> Fla. Bar No. 1008337 <br> mpm@beggslane.com <br> **BEGGS & LANE, RLLP** <br> 501 Commendencia Street <br> Pensacola, Florida 32502 <br> T: (850) 432-2451 <br> F: (850) 469-3331 <br><br> *Attorneys for Plaintiff GRLPWR, LLC* | */s/ James M. Slater* <br> James M. Slater <br> Fla. Bar No. 111779 <br> james@slater.legal <br> SLATER LEGAL PLLC <br> 113 S. Monroe Street <br> Tallahassee, FL 32301 <br> T: (305) 523-9023 <br><br> *Attorney for Defendant Melanie Rodriguez* |