UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC,**

    **Plaintiff**,

v.                                                                    Case No. 3:23cv16480-TKW-HTC

**MELANIE MAE RODRIGUEZ**,

    **Defendant**.

_____/

## FINAL SCHEDULING ORDER

Upon consideration of the report of the parties' Rule 26(f) conference (Doc. 20), it is **ORDERED** that the following deadlines and procedures are established:

1. Amending pleadings and joining parties: The deadline proposed by the parties for amending the pleadings and joining additional parties (November 15, 2023) is adopted by the Court.

2. Rule 26 disclosures: The deadlines proposed by the parties for initial and expert disclosures under Rule 26(a)(1) and (a)(2), respectively, are adopted by the Court. The parties may agree to modify these deadlines without court approval pursuant to Local Rule 6.1 so long as the extension does not interfere with the time set for completing discovery, submitting or responding to a motion, or trial.

3. <u>Supplemental disclosures</u>: Supplemental disclosures under Rule 26(e) must be made promptly upon discovering the information calling for the supplement and no later than 28 days before the close of discovery.

4. <u>Discovery deadline</u>: The discovery deadline proposed by the parties (March 15, 2024) is adopted by the Court. No extensions of this deadline will be granted absent a showing of due diligence in attempting to complete discovery by the deadline. Any motion to extend the discovery deadline (whether joint or unilateral) shall detail the discovery that has been completed, the discovery that remains to be done, and provide a firm schedule for completing any remaining discovery.

5. <u>Potentially dispositive motions</u>: The deadline for filing motions for summary judgment or other potentially dispositive motions is 21 days after the discovery deadline. Responses and replies shall be filed within the times provided in Local Rule 56.1 and shall also comply with the requirements set forth in the Initial Scheduling Order.

6. <u>*Daubert* motions</u>: The deadline for filing *Daubert* motions is 21 days after the discovery deadline. Responses shall be filed within the time provided in Local Rule 7.1. Replies are not permitted.

7. <u>Trial</u>: To be set later. The Court will schedule a case management conference to set the trial date after ruling on the motions for summary

judgment or other potentially dispositive motions or upon receiving notice that no such motions have been filed and the case is ready to be set for trial. This ensures that the Court will have all the time it needs to rule on the motions and prevents the parties from having to spend additional time, effort, and money preparing for trial until the motions have been decided and it is known what issues, if any, remain for trial. This also allows the Court to give the parties a firm trial date, rather than a spot within a trial period. Typically, the trial date will be within 2 to 3 months of the date the Court rules on the motions.

8. <u>Pretrial conference and related deadlines</u>:  A Pre-Trial Order will be entered when the case is set for trial establishing the date for the pretrial conference (typically 2 to 3 weeks before the trial date) and the deadline for the attorney conference leading to the filing of a pretrial stipulation and related papers.  The deadline established for the attorney conference will be the deadline for disclosures under Rule 26(a)(3), with any objections to be filed within 7 days thereafter.

9. <u>Motions in limine</u>.  Motions in limine and other pretrial motions shall be filed no later than 14 days prior to the pretrial conference, with a response to the motion filed no later than 7 days thereafter, to allow consideration of the motion at or prior to the pretrial conference.

10. <u>Mediation</u>:  The parties shall mediate this case in accordance with the procedures set forth in the Appendix to this Order.  The deadline for completing mediation is 14 days after the discovery deadline, but the parties are encouraged to mediate sooner than that.

11. <u>Other matters</u>:

(a) The parties' report will control the matters it addresses, except to the extent of any conflict with this Order.  On matters not addressed in this Order or the parties' report, the Initial Scheduling Order remains in effect.

(b) Deadlines will be determined based on this Order (and the parties' report as adopted by this Order), other applicable orders, and the governing rules.  Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

(c) The attorneys are expected to comply with the standards of professionalism in the American College of Trial Lawyers Code of Pretrial and Trial Conduct, which is available at the "attorneys" tab on the court's website.

**DONE and ORDERED** this 31st day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

## **Appendix**

The following procedures will govern mediation in this case:

1. If the parties are unable to agree upon a mediator, they shall file a motion with the Court at least 60 days prior to the mediation deadline explaining why they have been unable to agree and providing separate lists of at least 3 mediators each party would agree to (and any that they would object to) and the Court will designate the mediator from the lists.

2. Unless otherwise agreed, the fee of the mediator must be paid equally by the parties: 50% Plaintiff(s) and 50% Defendant(s). The fee must be paid in the manner determined by the mediator.

3. The following persons **must** attend the mediation conference unless excused in advance on a motion showing good cause:

   a. The attorney of record primarily responsible for the conduct of this case on behalf of a party.

   b. Each party. A corporation, other private organization, or state or local governmental entity or officer in his or her official capacity must attend through a representative having full authority to settle the entire case for the party without further consultation. The mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless otherwise ordered, an Assistant United States Attorney may attend for the government.

   c. If a party is insured, a representative of the insurer having full authority to settle without further consultation. The mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

4. A person's failure to attend the mediation conference as required ordinarily will result in the imposition of sanctions.

5. The parties must confer in advance on the submission of written materials to the mediator and must proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of an agreement or instructions, no written submissions are required, but either party may submit materials, which the mediator may consider as the mediator deems appropriate.

6. The mediator may control the procedures to be followed in mediation, may adjourn the mediation conference and set a time for reconvening, and may suspend or terminate mediation whenever the mediator believes further mediation is not likely to lead to a settlement.

7. Everything said during mediation—other than the terms of any settlement agreement itself—will be off the record and inadmissible as settlement negotiations. Mediation proceedings—other than any settlement agreement itself—must not be recorded electronically or by a court reporter.

8. The referral of this case to mediation does not extend any deadline.

9. Any partial or complete settlement must immediately be reduced to writing in the presence of the mediator and must be signed by each party and an attorney for each party.

10. The mediator or a party must file a report within 7 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether the case was settled or impasse was declared). If the case is settled in full, notice to the court must be immediate.

11. An attorney for each party must, within 14 days of the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order. On a party's motion, the court will consider ordering that mediation commence immediately or at a time earlier than required by this order.