## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**GRLPWR, LLC,**
**a Michigan limited liability company,**

      **Plaintiff,**

                                 **Case No.: 3:23-cv-16480-TKW-HTC**

**v.**

**MELANIE MAE RODRIGUEZ,**
**an individual**

      **Defendant.**

_____/

## AMENDED COMPLAINT

Plaintiff, GRLPWR, LLC d/b/a Nuvita ("Nuvita"), files its Amended Complaint against Defendant, Melanie Mae Rodriguez ("Rodriguez"), and states as follows:

## PARTIES AND JURISDICTION

1.    This is an action by Nuvita against Rodriguez for defamation *per se*, defamation, tortious interference with contractual relationships, and tortious interference with business relationships.

2.    Nuvita is a limited liability company organized and existing under the laws of the State of Michigan.  Nuvita's principal place of business is located at 4500 Empire Way, Suite 4, Lansing, Michigan 48917.  Nuvita's sole member resides and is domiciled in Lansing, Michigan.

3.     Defendant Melanie Mae Rodriguez is an individual with an address at 2579 Hidden Estates Circle, Navarre, Florida 32566.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity between the parties, as Nuvita is a resident of Michigan for diversity purposes, and Rodriguez is a resident of Florida.  The amount in controversy at issue in this matter exceeds $75,000.

5.     This Court has personal jurisdiction over Rodriguez because she resides within this judicial district and has committed the tortious acts complained of within this judicial district.

6.     Venue is proper in this District under 28 U.S.C. § 1391 because Rodriguez is subject to personal jurisdiction in this District and committed the acts complained of within this District.

## FACTUAL BACKGROUND

7.     Nuvita is a small woman-owned company with approximately 8 employees.

8.     Nuvita  manufactures and sells health and wellness products, as well as various CBD Oil products for human and pet consumption.

9.     Nuvita operates a USDA certified organic facility located in Lansing, Michigan.

10.     Nuvita promotes its business and sells its products exclusively through its "Social Sharing Program."

11.     Through the Nuvita Social Sharing Program, representatives of Nuvita promote its business and sell Nuvita's products.

12.     The vast majority—greater than 90%—of Nuvita's sales come from products sold to customers who are not Nuvita representatives.

13.     Nuvita representatives earn a commission on sales of products made to customers using the representative's unique referral code or link.

14.     Nuvita representatives can also earn commission based on the sales of other representatives that they referred to Nuvita.

15.     Nuvita's business relationships with its representatives are absolutely critical to its success.

16.     Nuvita has non-solicitation and non-disclosure agreements with its current and former sales representatives.

17.     Defendant Rodriguez operates a YouTube channel titled "You've Reached Melanie."  *See* https://www.youtube.com/@youvereachedmelanie.  On the top front page is the language "ANTI-MLM COMMENTARY."  *See id.* Rodriguez's YouTube channel states that it has "1.26K subscribers." *Id.*  Rodriguez describes her YouTube channel as: "I love talking about all things MLM as well as

3

their connections to religion for a double whammy in manipulation & bad tactics."

*See* https://www.youtube.com/@youvereachedmelanie/about.

18.    An "MLM," as referred to by Rodriguez, is a multi-level marketing company.  Rodriguez produces videos which she hosts on her YouTube Channel in which she presents negative depictions of companies she believes to be MLMs.

19.    Recently, Rodriguez has taken aim at Nuvita and its owner.  She has posted no less than eight videos about Nuvita and its owner.

20.    Throughout the videos, Rodriguez has made and published countless false and negative statements about Nuvita and its owner.  She has made her own statements and has also purported to parrot the statements of other unidentified people she claims to have connections or prior business relationships with Nuvita.

21.    Rodriguez has repeatedly referred to Nuvita as an MLM and derided what she claims to be its tactics.

22.    Rodriguez has called Nuvita a "commercial cult" and a "scam," alleged that Nuvita lies to its representatives and customers, asserts that Nuvita is "scamming people, leading people to believe things that aren't true," claims its owner "preys" on representatives, stated that Nuvita's representatives are "being held hostage by Nuvita," and stated that she has information she is "now privy to" indicating Nuvita  has engaged in "evil" conduct.

23.    Rodriguez has also accused Nuvita of "homophobia," "transphobia," placing these statements in the thumbnail for a video about Nuvita on the home page of her YouTube channel.  In fact, in the above video, she published a supposed third party's statement that Nuvita's owner follows a "deeply, deeply homo/transphobic group," then followed that statement by stating "I don't know this to be true." "EXPOSING THE TRUTH ABOUT NUVITA," June 9, 2023, at https://www.youtube.com/watch?v=jFiWnHRTVPM.

24.    In her video posted on June 9, 2023, titled "EXPOSING THE TRUTH ABOUT NUVITA," Rodriguez states that "this situation is snowballing out of control, I would love to think that I had something to do with it." *Id.* at 4:27-40.  She further exclaims that "I would love to see this one get shut down…" *Id.* at 5:10-13.

25.    In her most recent video, dated June 23, 2023, Rodriguez stated that "this company is just a disaster, a mess . . . ." https://www.youtube.com/watch?v=jFiWnHRTVPM at 0:50-0:55.  She alleged that 40% of Nuvita's representatives left the company, and therefore, she would "speculate," that "a majority of their downline left with them and if they haven't yet they'll probably trickle out." *Id.* at 2:23-2:36.  She further claimed, without support, that "it was also alleged to me that not everyone in Nuvita signed any sort of contract." *Id.* at 29:33-29:37.

26.     On multiple occasions, Rodriguez has alleged that Nuvita is a "pyramid scheme," which is an illegal business enterprise.

27.     For example, on April 10, 2023, Rodriguez posted a video to her YouTube channel titled "SHALLOW DIVE: NUVITA #exhunreacts #antimlm," in which she stated that "[b]ecause the products are the loophole for these, in my opinion, **pyramid schemes**, being considered legal, you're probably not going to make any money and that's why we didn't see it on in the beginning of this." https://www.youtube.com/watch?v=vVuC84RuRwY&t=16s   at   22:10-22:23   (emphasis added).

28.     On June 9, 2023, Rodriguez posted a video to her YouTube channel titled "EXPOSING THE TRUTH ABOUT NUVITA #nuvita #exhunreacts #antimlm,"  in which she stated "[h]ere's something interesting from the comp plan: monthly welcome kit bonus.  That, in my opinion based on what I know, is a little bit **pyramid schemy**, it's a little scammy, because why are you getting a bonus just for recruiting people?"   https://www.youtube.com/watch?v=jFiWnHRTVPM  at 30:22-30:35 (emphasis added).

29.     Subsequently, on June 23, 2023, Rodriguez posted a video to her YouTube channel titled "IT GOT WORSE #nuvita #exhunreacts #antimlm."  *See* https://www.youtube.com/watch?v=H0JPb2SWDUA.   In this video, she made unsupported allegations about Nuvita, "doesn't that fall in line with what a **pyramid**

*scheme* is?  Hello?  Hello?  It's in front of your face."  *Id.* at 25:23-25:32 (emphasis added).

30.    The June 23 video identified in paragraph 29 contained Rodriguez's statement in verbal form as well as in written form in subtitles.

31.    Rodriguez published the June 23 statement set forth in paragraph 29 to followers of her YouTube Channel as well as other viewers who viewed the video.

32.    Rodriguez's published statement accusing Nuvita of being a pyramid scheme in her June 23 video is false and defamatory.  The statement constitutes slander and libel under Florida law.

33.    By law, a pyramid scheme is an unlawful enterprise.  Numerous states punish the conducting or operation of pyramid schemes as felonies.  These include states where viewers of Defendant's videos are located.

34.    From a federal perspective, to determine whether an enterprise is an illegal pyramid scheme, "regulators evaluate the marketing strategy (*e.g.*, emphasis on recruitment versus sales) and the percent of product sold compared with the percent of commissions granted."[1]  *U.S. v. Gold Unlimited, Inc.*, 177 F.3d 472, 475 (6th Cir. 1999).   Likewise, [m]any states prohibit only those schemes that

---

[1] The *Gold Unlimited* decision distinguished illegal pyramid schemes from legal multi-level marketing ("MLM") companies.  177 F.3d at 475.  Although Nuvita also denies it is an MLM, there is nothing improper or illegal, about an MLM which is not a pyramid scheme.

compensate participants "primarily" for the recruitment of new participants, or that 'are based primarily' on the recruitment of new participants, as opposed to sales of goods or services." *Id.* at 483. Florida's statute is among other states who distinguish pyramid schemes as offering benefits "'not primarily contingent' on the sales of goods or services." *Id.* The federal government prosecutes the conducting or operation of pyramid schemes as felonies.

35.    Nuvita is not a pyramid scheme, as evidenced by several facts.

36.    First and foremost, Nuvita is not a pyramid scheme because it sells a vast majority of its products directly to consumers, without respect to representatives.

37.    Nuvita is also not a pyramid scheme because the "Nuvita Social Sharing Program" offers benefits (*i.e.*, sales commissions) to Nuvita's representatives which are primarily contingent on the volume or quantity of goods. In other words, Nuvita's representative business model makes the benefit earned by its representatives primarily contingent on the sale of Nuvita's CBD products to consumers, not other representatives.

38.    Although Nuvita representatives can earn commissions based on sales to other representatives, that is not the primary source of Nuvita's revenue or sales, and it is certainly not the primary contingency to a Nuvita representative receiving

compensation for sales made.  Simply put, Nuvita representatives earn commissions on sales they make irrespective of to whom they make sales.

39.    Therefore, Rodriguez's published statements alleging that Nuvita is a "pyramid scheme" or "pyramid schemy" are false and defamatory.  By claiming Nuvita is a "pyramid scheme," she alleges that Nuvita is a criminal enterprise under Florida law as well as federal law and the laws of other states.

40.    Rodriguez directs many of her videos and statements towards current Nuvita representatives.  She also posts video recordings which include Nuvita's owner and other Nuvita representatives and employees.

41.    In her June 9, 2023 video, Rodriguez published an extended video of a Nuvita representative, along with her negative commentary consistent with the above statements published by Rodriguez.  *See* https://www.youtube.com/watch?v=jFiWnHRTVPM.  Although Rodriguez blurred the Nuvita representative's face, she did not alter the representative's voice in any way, and the representative was identifiable.  *Id.*  She has made similar "edits" to prior videos including Nuvita representatives.

42.    Nuvita's representatives have written agreements with Nuvita whereby they agree to sell Nuvita products to consumers in exchange for a commission.

43.     Rodriguez intends for her videos, which include false and defamatory statements as well as otherwise inflammatory and unsupported statements, to cause Nuvita representatives to no longer work with Nuvita.

44.     In her most recent video on June 23, 2023, Rodriguez stated the following: "If you are still part of Nuvita and unfortunately happened upon my videos, and you're feeling some upsetti spaghetti feelings, that is the correct feeling to have because part of the grieving process is anger and acceptance of what I'm saying may be true, and you and I both know the truth, don't we?" *Id.* at 31:20-43.

45.     Rodriguez has also communicated with Nuvita representatives and employees, as well as former Nuvita representatives and employees.   Upon information and belief, she has conveyed similar statements and comments to, from, and through those individuals both directly to individuals and through her videos.

46.     Rodriguez's videos indicate that she has obtained "information" through communications with Nuvita representatives and employees, including information confidential to Nuvita.   Rodriguez has made statements about such individuals telling her "their stories," and claims she bases her statements on "what the little birdies are telling me."

47.     Rodriguez also intends for her videos and other statements regarding Nuvita, which include false and defamatory statements as well as otherwise

10

inflammatory and unsupported statements, to cause actual and potential Nuvita customers and consumers not to purchase Nuvita products.

48.     As a result of Rodriguez's videos and other statements, Nuvita representatives have terminated their agreements with Nuvita and stopped selling and refuse to sell further Nuvita products.

49.     As a result of Rodriguez's videos, actual and potential Nuvita customers have stopped purchasing and refused to purchase Nuvita products.

50.     On September 7, 2023, counsel for Nuvita sent to Defendant's counsel a notice pursuant to Section 770.01, Florida Statutes.  *See* Exhibit A (Notice).  The notice alleged that the statement in paragraph 29 of this Amended Complaint is false and defamatory.

51.     Nuvita has complied with all conditions precedent necessary to file this action, including the notice required by Section 770.01, Florida Statutes.

## COUNT I

## DEFAMATION *PER SE*

52.     This is a cause of action by Nuvita against Rodriguez for defamation *per se*.

53.     Plaintiff realleges and incorporates paragraphs 1 through 51 of this Complaint as set forth in full herein.

54.     Rodriguez published the statements in paragraph 29 to third parties, namely, the viewers of the video.

55.     The third parties to whom Rodriguez published the statements in paragraph 29 included the general public, actual and potential customers of Nuvita, actual and potential employees of Nuvita, actual and potential business partners of Nuvita, and actual and potential representatives of Nuvita.

56.     Rodriguez's statements alleged in paragraph 29 were false.

57.     Rodriguez published the statements alleged in paragraph 29 without regard for their truth or falsity.

58.     Rodriguez published the statements alleged in paragraph 29 intentionally, with malice, and with such lack of care as to constitute a conscious indifference to Nuvita's rights or welfare.

59.     Rodriguez published the statements alleged in paragraph 29 with the intent to injure Nuvita in its lawful business and trade.

60.     Rodriguez's statements in paragraph 29 degraded Nuvita and brought Nuvita into ill repute with the general public, actual and potential customers of Nuvita, actual and potential employees of Nuvita, actual and potential business partners of Nuvita, and actual and potential representatives of Nuvita.

61.    Rodriguez's statements as alleged in paragraph 29 were injurious to Nuvita and its business and would tend to deter third parties from doing business with Nuvita.

62.    Rodriguez's statements as alleged in paragraph 29 have caused injury to Nuvita in its lawful business and trade.

63.    Rodriguez made the statements alleged in paragraph 29 without justification or privilege.

64.    As a result of Rodriguez's statements as alleged in paragraph 29, Nuvita has suffered compensatory damages in excess of $75,000.

65.    As a result of Rodriguez's statements as alleged in paragraphs 29, Nuvita has also suffered irreparable injury for which monetary relief is an inadequate remedy and for which the public interest in favor of an injunction outweighs the potential harm to Rodriguez.

66.    On September 7, 2023, counsel for Nuvita sent to Defendant's counsel a written notice pursuant to Section 770.01, Florida Statutes.  *See* Exhibit A (Notice). The notice alleged that the statement in paragraph 29 of this Amended Complaint is false and defamatory.  Nuvita further requested that Defendant retract the statement.

67.    Nuvita has complied with all conditions precedent necessary to file this action, including the notice required by Section 770.01, Florida Statutes.

WHEREFORE, Nuvita demands judgment against Rodriguez for general and special damages, punitive damages, preliminary and permanent injunctive relief requiring Rodriguez to remove all defamatory statements from any locations where they have been published and to refrain from publishing similar defamatory statements in the future, the costs of this action, and any other such relief as the Court deems necessary and appropriate.

## COUNT II

## DEFAMATION

68.     This is a cause of action by Nuvita against Rodriguez for defamation.

69.     Plaintiff realleges and incorporates paragraphs 1 through 51 of this Complaint as set forth in full herein.

70.     Rodriguez published the statements in paragraph 29 to third parties, namely, the viewers of the video.

71.     The third parties to whom Rodriguez published the statements in paragraph 29 included the general public, actual and potential customers of Nuvita, actual and potential employees of Nuvita, actual and potential business partners of Nuvita, and actual and potential representatives of Nuvita.

72.     Rodriguez's statements as alleged in paragraph 29 were false.

73.     Rodriguez published the statements alleged in paragraph 29 without regard for their truth or falsity.

74.    Rodriguez published the statements alleged in paragraph 29 intentionally, with malice, and with such lack of care as to constitute a conscious indifference to Nuvita's rights or welfare.

75.    Rodriguez published the statement alleged in paragraph 29 with the intent to injure Nuvita.

76.    Rodriguez's made the statements alleged in paragraph 29 without justification or privilege.

77.    Rodriguez's statements as alleged in paragraph 29 have caused injury to Nuvita in its lawful business and trade.

78.    As a result of Rodriguez's statements as alleged in paragraph 29, Nuvita has suffered compensatory damages in excess of $75,000.

79.    As a result of Rodriguez's statements as alleged in paragraph 29, Nuvita has also suffered irreparable injury for which monetary relief is an inadequate remedy and for which the public interest in favor of an injunction outweighs the potential harm to Rodriguez.

80.    On September 7, 2023, counsel for Nuvita sent to Defendant's counsel a written notice pursuant to Section 770.01, Florida Statutes. *See* Exhibit A (Notice). The notice alleged that the statement in paragraph 29 of this Amended Complaint is false and defamatory.  Nuvita further requested that Defendant retract the statement.

81.     Nuvita has complied with all conditions precedent necessary to file this action, including the notice required by Section 770.01, Florida Statutes.

WHEREFORE, Nuvita demands judgment against Rodriguez for general and special damages, punitive damages, preliminary and permanent injunctive relief requiring Rodriguez to remove all defamatory statements from any locations where they have been published and to refrain from publishing similar defamatory statements in the future, the costs of this action, and any other such relief as the Court deems necessary and appropriate.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

82.     This is a cause of action by Nuvita against Rodriguez for tortious interference with business relationships.

83.     Plaintiff realleges and incorporates paragraphs 1 through 51 of this Complaint as set forth in full herein.

84.     Nuvita has enforceable written agreements with its representatives, under which representatives sell Nuvita products to Nuvita customers in exchange for commissions.

85.     Rodriguez has knowledge of Nuvita's agreements with its representatives and employees.

86.     Rodriguez intends for her videos, which include false and defamatory statements as well as otherwise inflammatory and unsupported statements, to cause Nuvita representatives and employees to no longer work with Nuvita.

87.     Rodriguez also has intended for her other statements and conduct directed at Nuvita representatives and employees to cause Nuvita representatives to cease working with or for Nuvita.

88.     Rodriguez's statements made in her videos, which include false and defamatory statements as well as otherwise inflammatory and unsupported statements, as well as her similar statements and conduct directed at Nuvita representatives and employees, constitute an intentional and unjustified interference with Nuvita's relationships with its representatives and employees.

89.     As a result of Rodriguez's interference, Nuvita's representatives and employees have breached or terminated their agreements with Nuvita, which has caused Nuvita to lose sales made by its representatives, and which has caused damage to Nuvita.

90.     As a result of Rodriguez's interference, Nuvita has suffered compensatory damages in excess of $75,000.

WHEREFORE, Nuvita demands judgment against Rodriguez for damages, punitive damages, injunctive relief requiring Rodriguez to cease and desist from future acts of tortious interferences, including but not limited to removing all alleged

statements which constitute acts of tortious interference from any locations where they have been published and to refrain from publishing similar statements in the future, the costs of this action, and any other such relief as the Court deems necessary and appropriate.

## COUNT IV

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

91.   This is a cause of action by Nuvita against Rodriguez for tortious interference with business relationships.

92.   Plaintiff realleges and incorporates paragraphs 1 through 51 of this Complaint as set forth in full herein.

93.   Nuvita has a legitimate expectation that it would maintain and grow its business given the popularity of its products and CBD products generally.

94.   Nuvita has business relationships with its representatives and employees, under which representatives sell Nuvita products to Nuvita customers in exchange for commissions.

95.   Nuvita also has business relationships with actual and potential customers and consumers who purchase or reasonably could be expected to purchase Nuvita's products.

96.   Rodriguez has knowledge of Nuvita's business relationships with its representatives and employees, as well as its customers and consumers.

18

97.     Rodriguez intends for her videos, which include false and defamatory statements as well as otherwise inflammatory and unsupported statements, to cause actual and potential Nuvita customers and consumers not to purchase Nuvita products.

98.     Rodriguez's statements made in her videos, which include false and defamatory statements as well as otherwise inflammatory and unsupported statements, as well as her similar statements and conduct directed at Nuvita representatives and employees, constitute an intentional and unjustified interference with Nuvita's business relationships with its representatives and employees as well as its customers and consumers.

99.     As a result of Rodriguez's interference, Nuvita's representatives and employees have breached or terminated their agreements with Nuvita, which has caused Nuvita to lose sales made by its representatives and employees, and which has caused damage to Nuvita.

100.    As a result of Rodriguez's interference, Nuvita's actual and potential customers and consumers have either not purchased or refused to purchase Nuvita's products, which has caused lost sales to Nuvita, which has damaged Nuvita.

101.    As a result of Rodriguez's interference, Nuvita has suffered compensatory damages in excess of $75,000.

WHEREFORE, Nuvita demands judgment against Rodriguez for damages, punitive damages, injunctive relief requiring Rodriguez to cease and desist from future acts of tortious interferences, including but not limited to removing all alleged statements which constitute acts of tortious interference from any locations where they have been published and to refrain from publishing similar statements in the future, the costs of this action, and any other such relief as the Court deems necessary and appropriate.

## **JURY DEMAND**

Nuvita demands a trial by jury as to all issues so triable.

*/s/ John R. Zoesch III*
**JOHN R. ZOESCH III**
Fla. Bar No. 0045257
jrz@beggslane.com
**MATTHEW P. MASSEY**
Fla. Bar No. 1008337
mpm@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, Florida 32502
T: (850) 432-2451
F: (850) 469-3331
*Attorneys for Plaintiff GRLPWR, LLC*

## <ins>CERTIFICATE OF SERVICE</ins>

I  hereby certify that on this 15th day of September, 2023, a  true  and  correct copy  of  the  foregoing  has been furnished via electronic mail through the CM/ECF System for the Northern District of Florida, which will send notice of the electronic filing to all counsel of record.

/s/ *John R. Zoesch III*
John R. Zoesch III
Florida Bar No. 0045257