UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GRLPWR, LLC,

      Plaintiff,

v.

MELANIE RODRIGUEZ,

      Defendant.

Case No. 3:23-cv-16480-TKW-HTC

**JURY TRIAL DEMANDED**

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Melanie Rodriguez hereby answers the Amended Complaint filed by Plaintiff GRLPWR, LLC d/b/a Nuvita as follows. Unless specifically admitted below, Defendant denies each and every allegation, claim, and prayer for relief contained in the Amended Complaint.  As set forth herein, Defendant requests attorney's fees and costs in her defense of this lawsuit pursuant to section 768.295, Florida Statutes.

**PARTIES AND JURISDICTION**

1.     Defendant admits that Plaintiff purports to bring an action for defamation per se, defamation per quod, and tortious interference. Defendant otherwise denies the allegations in paragraph 1 of the Amended Complaint.

2.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Amended Complaint, and on that basis, denies those allegations.

3.     Defendant admits the allegations in paragraph 3 of the Amended Complaint.

4.     Paragraph 4 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

5.     Paragraph 5 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

6.     Paragraph 6 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

## **FACTUAL BACKGROUND**

7.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Amended Complaint, and on that basis, denies those allegations.

8.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Amended Complaint, and on that basis, denies those allegations.

9.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Amended Complaint, and on that basis, denies those allegations.

10.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Amended Complaint, and on that basis, denies those allegations.

11.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Amended Complaint, and on that basis, denies those allegations.

12.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Amended Complaint, and on that basis, denies those allegations.

13.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Amended Complaint, and on that basis, denies those allegations.

14.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Amended Complaint, and on that basis, denies those allegations.

15.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Amended Complaint, and on that basis, denies those allegations.

16.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Amended Complaint, and on that basis, denies those allegations.

17.    Defendant admits that she operates a YouTube channel titled "You've Reached Melanie," which is accessible at the following link: youtube.com/@youvereachedmelanie. The information contained on that channel, including the banner language, description, and subscription number, all speaks for itself.

18.    Defendant admits that the term "MLM" may refer to a multi-level marketing company. Defendant denies all remaining allegations in paragraph 18 of the Amended Complaint.

19.    Defendant admits that she has posted videos on "You've Reached Melanie" about Nuvita's business practices, which videos speak for themselves. Defendant denies all remaining allegations in paragraph 19

of the Amended Complaint.

20.    Defendant denies the allegations in paragraph 20 of the Amended Complaint.

21.    The statements in and subject matter of Defendant's YouTube videos speak for themselves. Defendant denies all remaining allegations in paragraph 21 of the Amended Complaint.

22.    The statements in and subject matter of Defendant's YouTube videos speak for themselves. Defendant denies all remaining allegations in paragraph 22 of the Amended Complaint.

23.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 23 of the Amended Complaint speak for themselves. Defendant denies all remaining allegations in paragraph 23 of the Amended Complaint.

24.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 23 of the Amended Complaint speak for themselves. Defendant denies all remaining allegations in paragraph 24 of the Amended Complaint.

25.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 25 of the Amended Complaint speak for themselves. Defendant denies all remaining

allegations in paragraph 25 of the Amended Complaint.

26.    The statements in and subject matter of Defendant's YouTube videos speak for themselves. Defendant denies all remaining allegations in paragraph 26 of the Amended Complaint.

27.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 27 of the Amended Complaint speak for themselves. Defendant denies all remaining allegations in paragraph 27 of the Amended Complaint.

28.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 28 of the Amended Complaint speak for themselves. Defendant denies all remaining allegations in paragraph 28 of the Amended Complaint.

29.    The statements in and subject matter of Defendant's YouTube videos, including the one hyperlinked in paragraph 29 of the Amended Complaint speak for themselves. Defendant denies all remaining allegations in paragraph 29 of the Amended Complaint.

30.    The June 23 video hyperlinked in paragraph 29 of the Amended Complaint speaks for itself. Defendant denies all remaining allegations in paragraph 29 of the Amended Complaint.

31.    Defendant admits that the June 23 video is accessible on her YouTube channel. The remainder of paragraph 31 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

32.    The allegations in paragraph 32 of the Amended Complaint consist of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

33.    The allegations in paragraph 33 of the Amended Complaint consist of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

34.    The allegations in paragraph 34 of the Amended Complaint consist of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

35.    Defendant denies the allegations in paragraph 35 of the Amended Complaint.

36.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 36 of the Amended Complaint, and on that basis, denies those allegations.

37.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 37 of the Amended Complaint, and on

that basis, denies those allegations.

38.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 38 of the Amended Complaint, and on that basis, denies those allegations.

39.    Defendant denies the allegations in paragraph 39 of the Amended Complaint.

40.    The statements in and subject matter of Defendant's YouTube videos speak for themselves. Defendant denies all remaining allegations in paragraph 40 of the Amended Complaint.

41.    The statements in and subject matter of Defendant's YouTube videos, including the video hyperlinked in paragraph 41 of the Amended Complaint, speak for themselves. Defendant denies all remaining allegations in paragraph 41 of the Amended Complaint.

42.    Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 42 of the Amended Complaint, and on that basis, denies those allegations.

43.    Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44.    The statements in and subject matter of Defendant's YouTube videos, including the June 23 video hyperlinked in paragraph 29 of the

Amended Complaint, speak for themselves. Defendant denies all remaining allegations in paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46.     The statements in and subject matter of Defendant's YouTube videos speak for themselves. Defendant denies all remaining allegations in paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Amended Complaint.

48.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 48 of the Amended Complaint, and on that basis, denies those allegations.

49.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 49 of the Amended Complaint, and on that basis, denies those allegations.

50.     The exhibit referenced in paragraph 50 of the Amended Complaint speaks for itself. Defendant denies all remaining allegations in paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Amended Complaint.

## COUNT I – Defamation Per Se

52.    Defendant admits that Plaintiff purports to bring an action for defamation per se but denies that Plaintiff is entitled to any relief whatsoever.

53.    Defendant incorporates all admissions and denials to each allegation contained in paragraphs 1 through 52 above.

54.    Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55.    Defendant denies the allegations in paragraph 55 of the Amended Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Amended Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Amended Complaint.

60.    Defendant denies the allegations in paragraph 60 of the Amended Complaint.

61.   Defendant denies the allegations in paragraph 61 of the Amended Complaint.

62.   Defendant denies the allegations in paragraph 62 of the Amended Complaint.

63.   Defendant denies the allegations in paragraph 63 of the Amended Complaint.

64.   Defendant denies the allegations in paragraph 64 of the Amended Complaint.

65.   Defendant denies the allegations in paragraph 65 of the Amended Complaint.

66.   The exhibit referenced in paragraph 66 of the Amended Complaint speaks for itself. Defendant denies all remaining allegations in paragraph 66 of the Amended Complaint.

67.   Defendant denies the allegations in paragraph 67 of the Amended Complaint.

WHEREFORE, Defendant Melanie Rodriguez demands entry of judgment providing that Plaintiff take nothing by virtue of its action and that the Court award Defendant all costs, attorney's fees, and other expenses incurred in this proceeding, together with such other and further favorable relief to which Defendant may be entitled.

## COUNT II – Defamation Per Se

68.     Defendant admits that Plaintiff purports to bring an action for defamation per quod but denies that Plaintiff is entitled to any relief whatsoever.

69.     Defendant incorporates all admissions and denials to each allegation contained in paragraphs 1 through 51 and 68 above.

70.     Defendant denies the allegations in paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations in paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Amended Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Amended Complaint.

80.     The exhibit referenced in paragraph 80 of the Amended Complaint speaks for itself. Defendant denies all remaining allegations in paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations in paragraph 81 of the Amended Complaint.

WHEREFORE, Defendant Melanie Rodriguez demands entry of judgment providing that Plaintiff take nothing by virtue of its action and that the Court award Defendant all costs, attorney's fees, and other expenses incurred in this proceeding, together with such other and further favorable relief to which Defendant may be entitled.

## **COUNT III – Tortious Interference with Contractual Relationships**

82.     Defendant admits that Plaintiff purports to bring an action for tortious interference with contractual relationships but denies that Plaintiff is entitled to any relief whatsoever.

83.     Defendant incorporates all admissions and denials to each allegation contained in paragraphs 1 through 51 and 82 above.

84.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 84 of the Amended Complaint, and on that basis, denies those allegations.

85.     Defendant denies the allegations in paragraph 85 of the Amended Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations in paragraph 89 of the Amended Complaint.

90.     Defendant denies the allegations in paragraph 90 of the Amended Complaint.

WHEREFORE, Defendant Melanie Rodriguez demands entry of judgment providing that Plaintiff take nothing by virtue of its action and that the Court award Defendant all costs, attorney's fees, and other expenses

incurred in this proceeding, together with such other and further favorable relief to which Defendant may be entitled.

## COUNT IV – Tortious Interference with Business Relationships

91.     Defendant admits that Plaintiff purports to bring an action for tortious interference with business relationships but denies that Plaintiff is entitled to any relief whatsoever.

92.     Defendant incorporates all admissions and denials to each allegation contained in paragraphs 1 through 51 and 91 above.

93.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 93 of the Amended Complaint, and on that basis, denies those allegations.

94.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 94 of the Amended Complaint, and on that basis, denies those allegations.

95.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 95 of the Amended Complaint, and on that basis, denies those allegations.

96.     Defendant denies the allegations in paragraph 96 of the Amended Complaint.

97.     Defendant denies the allegations in paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations in paragraph 98 of the Amended Complaint.

99.     Defendant denies the allegations in paragraph 99 of the Amended Complaint.

100.    Defendant denies the allegations in paragraph 100 of the Amended Complaint.

101.    Defendant denies the allegations in paragraph 101 of the Amended Complaint.

WHEREFORE, Defendant Melanie Rodriguez demands entry of judgment providing that Plaintiff take nothing by virtue of its action and that the Court award Defendant all costs, attorney's fees, and other expenses incurred in this proceeding, together with such other and further favorable relief to which Defendant may be entitled.

## **JURY DEMAND**

Defendant Melanie Rodriguez demands trial by jury or all issues so triable.

16

## Defenses to the Amended Complaint and Request for Attorney's Fees

Further responding to the Amended Complaint, Defendant Melanie Rodriguez asserts the following defenses and affirmative defenses without admitting that she bears the burden of persuasion or presentation of evidence on any of these matters.

1.    Plaintiff's complaint is barred because it violates section 768.295, Fla. Stat. (Florida's Anti-SLAPP law). Plaintiff's Amended Complaint is without merit and in retaliation for Defendant's exercise of her free speech rights.

2.    Plaintiff's claims are barred because any statements, or any implications allegedly derived therefrom, are protected by the First Amendment of the United States Constitution and Article 1, Section 4 of the Florida Constitution because they were made on a matter of public concern. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred because any statements, or any implications allegedly derived therefrom, are privileged. For example, the common law privilege to provide fair comment and criticism.

4.    Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, are false, as required by applicable law.

5.    Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, were not true or substantially true.

6.    Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, read in the context in which they were made, are not capable of defamatory meaning.

7.    Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, constitute statements of opinion, rhetorical hyperbole, or statements that cannot demonstrably be proven true or false.

8.    Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, were not made with the requisite degree of fault required, be that actual malice or negligence, to support the alleged cause of action.

9.    Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because the statements do not reasonably convey the implications Plaintiff has alleged.

10.    Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because Defendant did not intend any of the implications Plaintiff has alleged and Plaintiff cannot establish that the implications were made with the requisite level of fault required.

11.    Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because the implications Plaintiff has alleged are based on alleged facts Plaintiff claims are themselves false.

12.    Plaintiff's claims are barred to the extent Plaintiff has failed to fully comply with all conditions precedent to bringing the complaint, including but not limited to providing sufficient notice required by Section 770.01, Florida Statutes.

13.    Plaintiff's claims are barred to the extent Plaintiff has not suffered any damage actually or proximately caused by Defendant. To the extent Plaintiff has suffered any damage to its business, such damage

cannot be reasonably linked to the statements on YouTube or any implications allegedly derived therefrom.

14.    Plaintiff's claims are barred to the extent Plaintiff has not shown any special damages proximately caused from the alleged defamatory statements. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc*., 344 So.2d 279, 281 (Fla. 1st DCA 1977).

15.    Plaintiff's claims are barred because if Plaintiff were damaged, which Defendant denies, it was damaged by the conduct of persons other than Defendant, including Plaintiff itself and former and current customers and/or employees or representatives of Plaintiff's business.

16.    Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate any damages allegedly caused by Defendant.

17.    Plaintiff's claims are barred because it has suffered no reputational harm, as any statements upon which its claims are based, or any implications allegedly derived therefrom, are consistent with its reputation in the community.

18.    Plaintiff's reputation was so tarnished prior to the allegations that give rise to this complaint that Plaintiff is libel-proof. Specifically, Plaintiff is libel-proof for at least the following reason: Plaintiff has a

documented history of representative dissatisfaction and allegations of improper business practices.

19.   Plaintiff's request for punitive damages is barred because the application of section 768.72, Florida Statutes, in this case would be unconstitutional because Defendant did not act with either actual (constitutional) malice or ill will (express) malice.

20.   Plaintiff's tortious interference claims are barred under the single-action rule, including any claims based upon allegedly defamatory statements not identified in any presuit notice. *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 608 (Fla. 4th DCA 1975).

21.   Plaintiff's tortious interference claims are barred on account of justification and privilege. *Abele v. Sawyer*, 750 So.2d 70, 75 (Fla. 4th DCA 1999).

22.   Plaintiff's tortious interference claims are barred on the basis that any unlawful interference was not intentional or unjustified.

23.   Plaintiff's tortious interference claims fail because Plaintiff cannot demonstrate in all probability any specifically identifiable contracts would have been completed but for Plaintiff's alleged statements and/or conduct.

24.     Plaintiff's request for injunctive relief is barred on the ground that the complaint does not assert any independent ground for invoking equitable jurisdiction. *Weiss v. Weiss*, 5 So. 3d 758 (Fla. 5th DCA 2009).

25.     Plaintiff's request for injunctive relief is barred on the ground that Plaintiff asserts a remedy at law.

26.     Plaintiff's request for injunctive is barred under the First Amendment as an invalid prior restraint on Defendant's speech.

WHEREFORE, Defendant requests entry of judgment in her favor, her attorney's fees and costs pursuant to section 768.295, Florida Statutes, and such other and further relief as the Court deems appropriate.

Dated: September 18, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Defendant Melanie Rodriguez*