UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRLPWR, LLC,**
a Michigan limited liability company,

    Plaintiff,

                                Case No.: 3:23-cv-16480-TKW-HTC

v.

**MELANIE MAE RODRIGUEZ,**
an individual

    Defendant.

_____/

## **CONFIDENTIALITY ORDER**

**THIS MATTER** came before the Court upon the Joint Motion for Confidentiality Order (the "Motion"). The Court, having reviewed the Motion and Court file, having been advised that the parties are in agreement as to the form and content of this Order, and being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    The following terms, agreed to by the parties, are **APPROVED**:

**I.**    **Scope of Confidentiality Order**

    A.    All information produced in discovery by any party or non-party shall be used solely for the purposes of this litigation, other than information that is or becomes publicly available or is available to the requesting party from another

source. Further, the Parties may produce "confidential" information, which shall be marked and treated in the manner set forth herein.

B. The protection of this Confidentiality Order may be invoked with respect to any documents, testimony, information, and things (collectively "Materials") produced or created in this action that contain confidential financial, customer, commercial, or other information of any party or non-party witness, or that the producing party is otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such Materials. Said Materials may be designated "Confidential." Such designations may be made by any party or by any non-party producing Materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces Materials in this action.

## II. Disclosure of "Confidential" Materials

A. All Materials produced shall be used solely for purposes of this civil action, including the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information becomes publicly available (other than through filing in this action) or is available to the requesting party from another source. Materials designated "Confidential," as well as summaries, excerpts, and compilations of such Materials,

shall not be disclosed to or made accessible to any person except as specifically permitted by this Confidentiality Order.

  B. Material designated as "Confidential" by any producing party may be disclosed only to:

    1. The Court, its secretaries, clerks, and law clerks, and jury members;

    2. Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants, and staff;

    3. In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals and legal assistants;

    4. The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or engaging in appellate proceedings; provided that Materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

    5. Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

6. Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Confidentiality Order, provided with a copy of the Confidentiality Order and agree, on the record, that they are bound by the terms of the Confidentiality Order and are required not to disclose information contained in the Materials which is designated as "Confidential";

7. Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

8. Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Confidentiality Order and agreeing to abide by its terms; and

9. Any person who was either an original author or recipient of a document.

C. With respect to individuals identified in II.B.(5) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's

Confidential Information. If any party objects to the individual, no party may disclose Confidential Information to the individual unless the objection is overruled by the Court upon motion by any party. Each person to whom "Confidential" Material is disclosed (other than persons described in Section II(B)(l), (6), and (9)) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Confidentiality Order and to be subject to the jurisdiction of this court for the purpose of enforcement of the terms of this order, except that individuals identified in Section II(B)(2) and (3) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Confidentiality Order and they agree to be bound thereby. With respect to the individuals/entities identified in Section II(B)(7) and (8), it shall be sufficient for a corporate representative for each entity so employed to execute the non-disclosure agreement (Exhibit A) on one occasion. Counsel disclosing "Confidential" Material to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party if the Court so orders upon a showing of good cause.

**III.     Designation of Materials as "Confidential"**

      A.     "Confidential" Materials shall include only such information as the designating party in good faith contends should be protected pursuant to this Confidentiality Order on the grounds that the information constitutes confidential financial, customer, or commercial information, the disclosure of which, other than under the terms of this Confidentiality Order, may cause harm to the public or to the commercial and business interests of the party or non-party witness making the designation.

      B.     All Materials produced by any party shall be treated by all parties as "Confidential" for a period of twenty (20) days from the date of disclosure. During said period, any non-producing party may designate such Materials or any part thereof as "Confidential" if not already designated as such by the producing party, by written notice to all parties, identifying with particularity the designated Material.

      C.     In making designations of Materials pursuant to this Confidentiality Order, the designating party shall give due consideration to whether the information contained in the Materials: (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is available from a third party or commercial source that is

not obligated or desiring to maintain its confidentiality. The designating party shall also give due consideration to the age of the Materials. As used herein, the phrase "designating party" includes third party witnesses who are not parties to the litigation but who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

      D.    The protection of this Confidentiality Order may be invoked with respect to any covered Material in the following manner:

      1.    With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" on each page of the document that is confidential. If the first page of a document containing "Confidential" information is not itself "Confidential," the first page of the document shall bear a legend substantially stating that "This document contains confidential material."

      2.    With respect to electronically stored information, "Confidential" treatment may be invoked on all electronic files produced on a digital storage medium by marking the medium with the clear and legible designation "Confidential."

      3.    With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" Materials shall be so

marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material."

4. With respect to any deposition, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designation within thirty (30) days of receipt of the transcript of the deposition in which the designation is made. All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties. If such a large bulk of a deposition is deemed "Confidential" by a designating party as to render the remaining transcript relatively minor, the designating party may designate the entire transcript "Confidential" rather than only a portion thereof.

E.     Any party believing Material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond. If the designating party does not modify its designation of the Material, the provisions of this Confidentiality Order shall continue to apply unless modified by the Court upon motion by any party.

F. If any producing party inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Confidentiality Order and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall destroy or return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

G. Inadvertent production of any document which a party or non-party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to have waived any privilege. A party or non-party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, such document (and all copies thereof) shall be returned to the requesting party

or non-party within 10 days. The party returning such Material may then move the Court for an order compelling production of the Material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

## V. Filing and Serving of Court Papers

A. Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, quoted, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Confidentiality Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Confidentiality Order, shall be filed pursuant to Northern District of Florida Local Civil Rule 5.5, and shall remain under seal until such time as this Court or any court of competent jurisdiction orders otherwise.

B. All pleadings and other Court filings that contain "Confidential" information shall include on the first page of such document, and all copies thereof,

a statement substantially to the effect that "This Document Contains Confidential Information."

## VI.   Use in Court Proceedings

Nothing contained in this Confidentiality Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential" Material, provided that reasonable notice of the intended use of such Material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

## VII.   Handling and Disposition of Materials at Conclusion of Case

All Material designated "Confidential" shall remain in the possession of the counsel of record to whom such Material is produced, and they shall not permit any such Material to leave their possession, except that copies of such Materials may be made for the use of those assisting counsel to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Section V hereof as necessary.  Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential" Material was produced shall, upon the request of the designating party and at the election of the party receiving the Materials, either: (1) return all documents and copies containing "Confidential" Materials (including but not limited

to copies in the possession or control of any Expert or employee) to the party who produced them, or (2) promptly destroy all such Materials, and shall provide written certification under oath to the producing party to that effect.

## VIII. Reservation of Rights

By designating any Material "Confidential," the parties do not acknowledge that any such Material is relevant or discoverable in this action.  This Confidentiality Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any Material in this action. Designation of Material as "Confidential" pursuant to this Confidentiality Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents.  If, after production of Materials designated "Confidential," it comes to the attention of counsel for the designating party that the designating party has since distributed such Materials in the public domain, the designating party shall notify the other parties to the action and withdraw its designation.

## IX. Challenge to Designation

A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that any Material (or category of Material) or testimony designated as "Confidential" is not entitled to such status and protection.  The party or other person that designated the Material or testimony as "Confidential" shall be given notice of the application and an opportunity to respond.

To maintain "Confidential" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause for the Material or testimony to have such protection.

**X.     Modification**

Nothing in this Confidentiality Order shall preclude any party from applying to the Court to modify this Confidentiality Order to provide for additional safeguards to ensure the confidentiality of Materials produced in this action or otherwise modify this Confidentiality Order for good cause shown.

**XI.    Retention of Jurisdiction**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Confidentiality Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Confidentiality Order.

ORDERED this _____ day of _____, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I do solemnly swear that I have read and am fully familiar with the terms of the Confidentiality Order in the action styled *GRLPWR, LLC v. Melanie Mae Rodriguez*, Case No. 3:23-cv-16480-TKW-HTC in the United States District Court for the Northern District of Florida. I hereby agree to comply with and be bound by the terms and conditions of that Confidentiality Order unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20___, at _____,

_____

Signed: _____

Employer: _____

Business Address: _____

_____

_____